# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED GOMEZ, | Case No. 1:11-cv-01436-AWI-DLB PC |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS** |
| v. | |
| SERGEANT SWAIM, et al., | ECF No. 23 |
| Defendants. | OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

**I.   Background**

Plaintiff Fred Gomez ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On August 26, 2011, Plaintiff initiated this action by filing his complaint. On May 2, 2012, the Court found that Plaintiff stated a cognizable claim for relief against Defendant Swaim for deliberate indifference to Plaintiff's conditions of confinement in violation of the Eighth Amendment. On September 19, 2012, Plaintiff filed his First Amended Complaint, which was docketed on November 13, 2012. ECF No. 23. The First Amended Complaint is before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

**II.     Summary of First Amended Complaint**

Plaintiff was incarcerated at North Kern State Prison ("NKSP") in Delano, California, where the events giving rise to this action occurred.  Plaintiff names as Defendants sergeant Swaim, John Does 1 through 6, lieutenant G. Becerra, captain K. Daviega, and warden Maurice Junious.

Plaintiff alleges the following.  On April 5, 2010, Defendant John Doe 1 and 2 denied Plaintiff his evening meal.  On April 6, 2010, Defendants John Does 3 and 4 denied Plaintiff his breakfast and lunch meals.  On April 6, 2010, Defendant Does 5 and 6 denied Plaintiff his dinner meal.  Plaintiff complained to sergeant Swaim, who informed Plaintiff that he would not be receiving his meals as punishment for being cell-extracted.

Plaintiff was also placed under management cell status, which included denial of: mattress, linen, blankets, towel, cleaning clothing, socks, soap, toilet paper, spoon, cup, toothbrush or toothpaste, pens and pencils, paper, mail, and legal materials.  Plaintiff was forced to sleep in a cold cell with temperatures beyond freezing, on a metal bunk without covering.  Plaintiff was issued only one pair of boxers over twenty two days.  Plaintiff suffered from hallucinations, sleep deprivation, disorientation.  Defendants Swaim, Becerra, Daviega, and Junious forced the management cell status on Plaintiff.

Plaintiff contends a violation of the Eighth Amendment.  Plaintiff requests as relief

2

compensatory and punitive damages, and costs of suit.[1]

### III. Analysis

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Rhodes,* 452 U.S. at 347. To prevail on a claim that a prisoner's Eighth Amendment right to humane conditions of confinement were violated, the prisoner must prove that the prison official knew of and disregarded an excessive risk to the prisoner's safety, which was presented by the conditions of his confinement. *Robinson v. Prunty,* 249 F.3d 862, 866 (9th Cir. 2001). A claim challenging a prisoner's condition of confinement is analyzed under the deliberate indifference standard. *Farmer,* 511 U.S. at 833-34.

A prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation must be, objectively, sufficiently serious. *Farmer,* 511 U.S. at 833-34. In determining whether a deprivation is sufficiently serious to satisfy the first component of the deliberate indifference standard, a court must consider the circumstances, nature, and duration of the deprivation. *Spain v. Procunier*, 600 F.2d 189, 199 (9th Cir. 1979). The more basic the need, the shorter the time it may be withheld. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000).

Second, the prison official must have a "sufficiently culpable state of mind," that is, one of deliberate indifference to the inmate's health or safety." *Farmer,* 511 U.S. at 834. A prison official may be held liable under the Eighth Amendment only if he knows the inmate faces a substantial risk of serious harm and the official disregards that risk by failing to take reasonable measures to abate it. *Id.* at 847. "[D]eliberate indifference describes a state of mind more blameworthy than negligence" but does not require a "purpose of causing harm or with knowledge that harm will result." *Id.* at 835. Liability requires a showing that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

---

[1] Plaintiff also requests criminal charges against Defendants and to be released from the security housing unit. Both requests are beyond the scope of this civil action and will be denied.

### A.   Denial of Four Meals

The denial of four meals over twenty-four hours does not constitute a sufficiently serious harm for purposes of the Eighth Amendment. *See Foster v. Runnels*, 554 F.3d 807, 813 (9th Cir. 2009) (finding denial of sixteen meals over twenty-three days with accompanying physical effect to be sufficiently serious harm, but denial of two meals over nine weeks was not). Plaintiff also fails to allege how he was harmed regarding the denial of four meals. Accordingly, Plaintiff fails to state a claim against any Defendants for this claim.  As this is the only claim against the Doe Defendants, they should be dismissed from this action.

### B.   Management Cell Status for Twenty-Two Days

Plaintiff has sufficiently alleged that being on management cell status, in a cold cell that was beyond freezing temperature, with no covering, constitutes a sufficiently serious harm. *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)) ("The Eighth Amendment guarantees adequate heating."), *amended by* 135 F.3d 1318 (9th Cir. 1998).  Plaintiff alleges that the four named Defendants were responsible for placing Plaintiff on management cell status.  Accordingly, Plaintiff has sufficiently stated an Eighth Amendment claim against Defendants Swaim, Becerra, Daviega, and Junious for placing Plaintiff on management cell status for twenty-two days without adequate heating.

## IV.   Conclusion and Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's First Amended Complaint against Defendants Swaim, Becerra, Daviega, and Junious for deliberate indifference to Plaintiff's conditions of confinement in violation of the Eighth Amendment for placing Plaintiff on management cell status for twenty-two days without adequate heating;
2. Plaintiff's claim regarding denial of four meals over twenty-four hours be dismissed with prejudice for failure to state a claim; and
3. Defendants Does be dismissed from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days**

4

1  after being served with these Findings and Recommendations, the parties may file written objections
2  with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and
3  Recommendations."  A party may respond to another party's objections by filing a response within
4  **fourteen (14) days** after being served with a copy of that party's objections.  The parties are advised
5  that failure to file objections within the specified time may waive the right to appeal the District
6  Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 10, 2013**                               /s/ Dennis L. Beck
                                                          UNITED STATES MAGISTRATE JUDGE