**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED GOMEZ, | Case No. 1:11-cv-01436-AWI-DLB PC |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS, RECOMMENDING GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| SERGEANT SWAIM, et al., | (ECF No. 37) |
| Defendants. | THIRTY-DAY DEADLINE |

**I.   Background**

Plaintiff Fred Gomez ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's First Amended Complaint, filed September 6, 2012, against Defendants Becerra, DaViega, Junious, and Swaim on an Eighth Amendment claim for their alleged roles in placing Plaintiff on management cell status for twenty-two days without adequate heating. ECF No. 25.

Pending before the Court is Defendants Bacerra's, Daviega's, Swaims', and Junious'[1] Motion to Dismiss, filed October 4, 2013, pursuant to the unenumerated portion of Rule 12(b) of the Federal Rules of Civil Procedure, for Plaintiff's failure to exhaust administrative remedies.[2]  ECF No. 37.  Plaintiff filed an Opposition on November 1, 2013.  ECF No. 40.  Defendants did not

---

[1] Defendant Junious joined the Motion to Dismiss on February 13, 2014.  ECF No. 44.
[2] Defendants' Motion to Dismiss for failure to exhaust administrative remedies was served with a concurrent notice pursuant to *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), as required by the recent holding in *Woods v. Carey*, 684 F.3d 934, 936 (9th Cir. 2012).

1

submit a reply. On April 16, 2014, the Court issued an order converting Defendants' Motion to Dismiss based on exhaustion to a Motion for Summary Judgment pursuant to Albino v. Baca, No. 10-55702, 2014 WL 1317141, at *1 (9th Cir. Apr. 3, 2014) (en banc). The matter is submitted pursuant to Local Rule 230(*l*).

## II.     Summary of First Amended Complaint

Plaintiff was incarcerated at North Kern State Prison ("NKSP") in Delano, California, where the events giving rise to this action occurred. Plaintiff names as Defendants sergeant Swaim, John Does 1 through 6, lieutenant G. Becerra, captain K. Daviega, and warden Maurice Junious.

Plaintiff alleges the following. On April 5, 2010, Defendant John Doe 1 and 2 denied Plaintiff his evening meal. On April 6, 2010, Defendants John Does 3 and 4 denied Plaintiff his breakfast and lunch meals. On April 6, 2010, Defendant Does 5 and 6 denied Plaintiff his dinner meal. Plaintiff complained to sergeant Swaim, who informed Plaintiff that he would not be receiving his meals as punishment for being cell-extracted.

Plaintiff was also placed under management cell status, which included denial of: mattress, linen, blankets, towel, cleaning clothing, socks, soap, toilet paper, spoon, cup, toothbrush or toothpaste, pens and pencils, paper, mail, and legal materials. Plaintiff was forced to sleep in a cold cell with temperatures beyond freezing, on a metal bunk without covering. Plaintiff was issued only one pair of boxers over twenty two days. Plaintiff suffered from hallucinations, sleep deprivation, disorientation. Defendants Swaim, Becerra, Daviega, and Junious forced the management cell status on Plaintiff.

Plaintiff contends a violation of the Eighth Amendment. Plaintiff requests as relief compensatory and punitive damages, and costs of suit.[3] On April 10, 2013, the Court found cognizable claims against Defendants Becerra, DaViega, Junious, and Swaim for an Eighth Amendment violation for their alleged roles in placing Plaintiff on management cell status for

---

[3] Plaintiff also requested criminal charges against Defendants and to be released from the security housing unit. Both requests are beyond the scope of this civil action and were denied.

2

twenty-two days without adequate heating. ECF No. 25.

## III. Exhaustion of Administrative Remedies

### A. Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532 (2002).

The PLRA does not require that Plaintiff include legal theories or every fact necessary to prove each element of an eventual legal claim. *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009). But an inmate appeal must provide enough information to allow prison officials to take appropriate responsive measures. *Id.* at 1121. This ensures a grievance serves its primary purpose of notifying the prison of a problem. *See Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. *Jones*, 549 U.S. at 216; *Wyatt*, 315 F.3d at 1119. On April 3, 2014, the United States Court of Appeals for the Ninth Circuit issued a decision overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), with respect to the proper procedural device for raising the issue of administrative exhaustion. *Albino v. Baca*, No. 10-55702, 2014 WL 1317141, at *1 (9th Cir. Apr. 3, 2014) (en banc). Following the decision in *Albino*, Defendants may raise the issue of exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event that the failure to exhaust is clear on the face of the complaint, or (2) a motion for summary judgment. *Albino*, 2014 WL 1317141, at *4 (quotation marks omitted). An unenumerated Rule 12(b) motion is no longer the proper procedural

device for raising the issue of exhaustion. *Id.* If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Id.*

The CDCR has an administrative grievance system for prisoner complaints. Cal. Code Regs. tit. 15, § 3084.1 (2010). At the time of the events in question, the process was initiated by submitting a CDC Form 602. *Id.* § 3084.2(a). Four levels of appeal were involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." *Id.* § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. *Id.* §§ 3084.5, 3084.6(c). In order to satisfy § 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. *Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006); *McKinney*, 311 F.3d at 1199-1201. Exhaustion does not always require pursuit of an appeal through the Director's Level of Review. What is required to satisfy exhaustion is a fact specific inquiry, and may be dependent upon prison officials' response to the appeal. *See Sapp v. Kimbrell*, 623 F.3d 813, 823 (9th Cir. 2010) (improper reasons for screening inmate's appeal is equitable exception to exhaustion); *Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (listing examples of exceptions to exhaustion requirement from other circuits); *Brown v. Valoff*, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[E]ntirely pointless exhaustion" not required).

### B.     Summary of Arguments

Defendants contend that Plaintiff has failed to exhaust administrative remedies against Defendants Becerra, DaViega, Junious, and Swaim in this action. Defendants contend that although Plaintiff submitted appeals that were exhausted, the appeals did not concern the heating conditions in his cell while he was on management cell status or that he was denied adequate linens or garments for warmth. Defendant submits, as exhibits in support, declarations from J. Lozano, Chief of the Office of Appeals, formally known as the Inmate Appeals Board, a true copy of Plaintiff's appeals log, Exhibit A, and a package of Plaintiff's appeal package related to IAB number 1002718, Exhibit B.

Lonzano's declaration indicates that Plaintiff filed two appeals that were accepted and denied

4

1  at the Third Level of Review and that Plaintiff filed a third appeal that was screened out for missing
2  documentation. Lozano Decl. ¶ 6. Among the two appeals that were properly exhausted at the Third
3  Level of Review, only one of them arguably pertains to the claims in this case.[4] This appeal bears the
4  IAB Number 1002718. Lozano Decl. ¶ 6, Ex. B. As Plaintiff accurately states in his complaint, this
5  appeal was denied at the Third Level of Review on December 7, 2010. (ECF No. 23 at 2.)
6  Defendants argue that this appeal is concerned entirely, however, with the alleged denial of the four
7  meals on April 5-6, 2010. Lozano Decl. ¶ 6, Ex. B. The Court has already screened out Plaintiff's
8  allegations relating to this alleged deprivation for failure to state a claim. ECF No. 25 at 4. At no
9  point in Plaintiff's appeal does he mention a problem with the heating conditions in his cell while he
10 was on management cell status, or that he was denied adequate linens or garments for warmth. The
11 appeal and the official responses at all three levels of review are limited to Plaintiff's denial-of-food
12 claim. Plaintiff's appeal contains nothing that would have reasonably placed prison officials on
13 notice that Defendants had denied him adequate heating or clothing during the twenty-two days he
14 spent on management cell status. Defendants have met their initial burden of persuasion. Thus, the
15 burden thus shifts to Plaintiff to demonstrate exhaustion of all available administrative remedies.

16 Plaintiff contends that his exhausted appeal did include the same allegations against
17 Defendants as his current complaint before the Court. Plaintiff submits appeal No. SCC-11-00109,
18 which states in relevant part: "Since I have been on Behavioral Management Status since April 6,
19 2010 I have been denied all supplies including a pen or pencil, 602 appeal forms, and a Title 15
20 book." Pl's Exh. B; ECF No. 33 at 16. Plaintiff argues that the term "all supplies" encompassed
21 supplies related to his inadequate heating claims such as a mattress, linen blankets, towel, clothing,
22 and socks. Plaintiff further argues that Defendant Becerras mislead Plaintiff to believe that he could
23 not appeal Management Cell Status. Plaintiff contends that his exhausted appeal describes the
24 alleged actions of Defendants in this action regarding the denial of adequate heat, and thus satisfies
25 the exhaustion requirement.

26 ///
27 ///
28

---

[4] The second appeal, which bears the IAB Number 1009543, is a challenge to Plaintiff's gang-affiliation designation. Lozano Decl., Ex. A.; ECF No. 37-2.

**C. Findings**

Here, the issue is whether Plaintiff provided enough information in his appeal to allow prison officials to take appropriate responsive measures against Defendants. *See Griffin*, 557 F.3d at 1121. Plaintiff was not required in his appeal to include legal theories or every fact necessary to prove each element of an eventual legal claim. *Id.* at 1120. The relevant prison regulation only required Plaintiff to describe the problem, which, with respect to his inadequate heating claim, was that Defendants placed him on management cell status for twenty-two days without adequate heating. *See Sapp*, 623 F.3d at 824 (citing *Griffin*, 557 F.3d at 1120) (quotation marks omitted); *Akhtar*, 698 F.3d at 1211; *cf. McCollum v. Cal. Dept of Corr. & Rehab.,* 647 F.3d 870, 876 (9th Cir. 2011) (while inmates grievances provided notice the failure to provide for certain general Wiccan religious needs and free exercise, they were not sufficient to place prison on notice that the chaplaincy-hiring program itself was the problem); *Morton*, 599 F.3d at 946 (appeal grieving prisons decision to deny visitation with minors did not place prison on notice of the plaintiffs claim that staff conduct contributed to a prior assault on him by inmates).

The Court finds that Plaintiff's appeal did not provide sufficient information to notify the prison of the alleged complaints against Defendants regarding the Eighth Amendment inadequate heating claim. The Court's findings focus on the lack of factual similarities between Plaintiff's appeals and the allegations against Defendants in the current action. In regards to Plaintiff's appeal No. SCC-11-00109, three pages of factual allegations relate to the denial of food, and only sentence could arguably relate to the denial of inadequate heating. Plaintiff's general statement of being denied "all supplies including a pen or pencil, 602 appeal forms, and a Title 15 book" does not raise similar facts surrounding Plaintiff's allegation that Defendants denied him adequate heating. Thus, appeal No. SCC-11-00109 could not have put prison officials on notice of the issue Plaintiff now alleges against Defendants regarding inadequate heating. Although the Court is mindful of Plaintiff's *pro se* status, Plaintiff's appeal did not provide enough factual information to allow prison officials to take appropriate responsive measures. *See Griffin*, 557 F.3d at 1121.

Moreover, Plaintiff's argument that Defendants mislead Plaintiff to believe he could not file an administrative appeal related to his claims is belied by the fact that Plaintiff did file appeal No.

SCC-11-00109 related to his conditions of confinement during management cell status. Accordingly, the Court finds that Plaintiff did not exhaust his administrative appeals against any defendants regarding the Eighth Amendment inadequate heating claim and will recommend that they be dismissed from this action.

## IV.    Conclusion and Recommendation

Defendants have demonstrated that Plaintiff has failed to exhaust available administrative remedies against Defendants Becerra, DaViega, Junious, and Swaim as required by the PLRA. Accordingly, the undersigned recommends dismissal of Defendants Becerra, DaViega, Junious, and Swaim from this action, without prejudice, and the closure of this case.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' Motion for Summary Judgment, filed October 4, 2013, should be granted; and
2. The Clerk of Court is directed to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **June 23, 2014**                    /s/ Dennis L. Beck
                                                                UNITED STATES MAGISTRATE JUDGE